
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN T. WALTNER; SARAH V. WALTNER, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Washington Mutual Bank FA; DOES, 1-1000, inclusive, <br><br> Defendants - Appellees. | No. 11-35726 <br><br> D.C. No. 2:10-cv-00662-RAJ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Steven T. and Sarah V. Waltner appeal pro se from the district court's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

summary judgment in their action arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Intercontinental Travel Mktg. v. FDIC*, 45 F.3d 1278, 1282 (9th Cir. 1994), and we affirm.

The district court properly determined that it lacked subject matter jurisdiction over the Waltners' action because the Waltners failed to file a timely administrative claim under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). *See* 12 U.S.C. § 1821(d); *Intercontinental Travel Mktg.*, 45 F.3d at 1282-86 (no jurisdiction exists if a claimant does not properly exhaust the FIRREA's administrative process, and the failure to receive notice of the administrative claims bar date does not exempt a claimant from the requirement to file a timely administrative claim).

The district court did not abuse its discretion by denying the Waltners' motion to strike evidence. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1261 (9th Cir. 1993) (setting forth standard of review).

The district court did not abuse its discretion by denying the Waltners' motion for reconsideration because the motion was untimely under the local rules and the Waltners failed to show grounds warranting reconsideration. *See id.* at 1262-63 (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)); *see also* W.D. Wash. R. 7(h)(1)-(2) (setting forth

deadline and grounds for reconsideration).

**AFFIRMED.**